**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BENNIE K. ELLISON, No. R00575** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 13-453-GPM** |
| | ) | |
| **MARC HODGE, VAUGHN,** | ) | |
| **MUSGRAVE,** | ) | |
| **PROPERTY DEPARTMENT, and** | ) | |
| **MAILROOM,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner Bennie K. Ellison, is currently incarcerated at Stateville Correctional Center on a temporary basis; he is officially assigned to Lawrence Correctional Center, which is within the Southern District of Illinois.  Plaintiff has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding alleged constitutional violations that occurred while he was housed at Lawrence Correctional Center (Doc. 1).  Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") in this case, without prepayment of the Court's usual $350.00 filing fee in a civil case (Doc. 3).  *See* 28 U.S.C. § 1914(a).[1]

A federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action ... and affiant's belief that the person is

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, resulting in a total filing fee of $400.00, *unless* pauper status has been granted.

entitled to redress."   28 U.S.C. § 1915(a)(1).    In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."   28 U.S.C. § 1915(a)(2).

Upon tender of a proper affidavit and certified copy of a trust fund account statement, a prisoner then is assessed an initial partial filing fee of twenty percent of the greater of: (1) the average monthly deposits to the prisoner's trust fund account; or (2) the average monthly balance in the prisoner's trust fund account for the six-month period immediately preceding the filing of the prisoner's suit.   *See* 28 U.S.C. § 1915(b)(1)(A)-(B).   After payment of an initial partial filing fee, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account.   *See* 28 U.S.C. § 1915(b)(2).   The agency having custody of a prisoner must forward payments from the prisoner's trust fund account to the clerk of the district court where the prisoner's case is pending each time the amount in the account exceeds $10.00 until the filing fee in the case is paid.   *See id.*   Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit.   *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler,* 110 F.3d 528, 529–30 (8th Cir. 1997).

In this case, Plaintiff Ellison has tendered an affidavit that is sufficient as to form and which indicates he is indigent.   However, that is not the end of the matter.   Even where a prisoner tenders a proper motion to proceed IFP and an affidavit of indigence, the court must make further

inquiry before granting permission to proceed without pre-payment of the fee.   Under 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding IFP

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   Furthermore, "[a] litigant who knows that he has accumulated three or more frivolous suits or appeals must alert the court to that fact." *Ammons v. Gerlinger,* 547 F.3d 724, 725 (7th Cir. 2008), *citing Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999).

A review of documents filed in the electronic docket of this Court, and on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov),[2] discloses that Ellison has already had far more than three other cases dismissed as frivolous or for failure to state a claim upon which relief may be granted:

> *Ellison v. Illinois*, No. 07-cv- 2296 (N.D. Ill. Nov. 9, 2007);
> *Ellison v. Sheriff of Cook County*, No. 09-cv-5438 (N.D. Ill. Feb. 2, 2010); and
> *Ellison v. U.S. Judicial Exec & Adm. Operations of the Dist. Court,* No. 11-cv-1764
>     (N.D.Ill. March 22, 2011);
> *Ellison v. Manion,* No. 11-cv- 2600 (N.D. Apr. 26, 2011);
> *Ellison v. Joyce*, No. 11-cv-2722 (N.D. Ill. May 23, 2011);
> *Ellison v. IDOC*, No. 11-cv- 6296 (N.D. Ill. Sept. 19, 2011).

In fact, after Ellison filed 18 cases in the District Court for the Northern District of Illinois, that district banned Ellison from filing any new civil cases *pro se*, and set up a repository for any future filings.   *In the Matter of Bennie Ellison*, No. 12-cv-7356 (N.D. Ill. Sept. 14, 2012).

Most recently, this Court dismissed *Ellison v. Quinn*, No. 13-cv-168-MJR (S.D. Ill. March 19, 2013).   That case was brought as a *mandamus* action, which presented some unusual procedural issues.   However, the Court observed that Plaintiff had failed to reveal his long

---

[2] Court documents are, of course, public records of which the Court can take judicial notice.   *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994).

litigation history, which would normally be cause for dismissal of the action.   Ellison was also warned that failure to pay the filing fee in the time prescribed would likely result in a filing ban. That deadline has just recently passed and the filing fee has not been paid.

In the present case, Ellison has again failed to disclose his litigation history.   A plaintiff's failure to disclose his litigation history, particularly when he seeks to proceed IFP, may be grounds for immediate dismissal of the suit.   *Ammons,* 547 F.3d at 725 (terminating suit as a sanction for struck-out prisoner who took advantage of court's oversight in granting him leave to proceed IFP); *Sloan,* 181 F.3d at 858–59 (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court); *see also Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) (dismissal with prejudice appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal).

Moreover, because Plaintiff has three strikes for purposes of Section 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.   The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner.   *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003), *citing Lewis v. Sullivan,* 279 F.3d 526, 529 (7th Cir. 2002).   In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous."   *Ciarpaglini*, 352 F.3d. at 331, *citing Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003).   Additionally, to show imminent danger, "[a]llegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed."   *Ciarpaglini*, 352 F.3d. at 331, *citing Heimermann*, 337 F.3d at 782.   When prisoners "allege only a past injury that has not recurred, courts deny them

leave to proceed IFP." *Ciarpaglini*, 352 F.3d. at 330, *citing AbdulWadood v. Nathan,* 91 F.3d 1023 (7th Cir. 1996).

Although the complaint is rather muddled, it is clear that Plaintiff claims:   (1) for 21 days he was denied the vegan diet mandated by his Messianic Hebrew Israelite religion, in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*.; and (2) his First Amendment right to access the courts has been infringed upon in a variety of ways, causing at least one case to be dismissed.   The complaint also references a conspiracy with state officials to kidnap and assault Plaintiff, the denial of psychotropic medication, a cover-up regarding forged medical files, and grievances that have been ignored.[3]

The fact that Ellison is presently housed at Stateville Correctional Center, not Lawrence, where the events at issue in the complaint occurred, reflects that Plaintiff is not in present danger. Furthermore, Ellison's bare, passing references to past assaults and the denial of medication are unconnected to the identifiable allegations in the complaint, and are too attenuated to exclude him from the three strikes bar.   *See Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009) (noting there must be an adequate nexus, "fairly traceable" between imminent harm and the legal claims). Similarly, the single line and/or caption in the complaint, "*Weight Loss, * Pursuant to F.R.C.P. 8(a)(2) • State of Claim * for 7 Mnths.*" [sic] is far too vague to constitute imminent danger of serious physical injury.

Because Plaintiff has incurred three strikes and the Court is convinced he is not presently in

---

[3] Plaintiff appears to be referencing the contentions that have motivated virtually all of his other cases, that there is a grand conspiracy that commenced with his arrest and continues to the present. He views his incarceration as a kidnapping perpetrated by any and all state and federal officials involved, including the courts.   *See Ellison v. Quinn*, Mo. 13-cv-168-MJR (S.D. Ill. March 19, 2013).

imminent danger, Plaintiff's motion to proceed IFP (Doc. 2) shall be denied.   Plaintiff's failure to disclose his litigation history, despite having just been cautioned about the consequences of such an omission, warrants the immediate dismissal of this action.

Furthermore, the Court of Appeals for the Seventh Circuit has clearly instructed that when a prisoner who is ineligible to continue litigating under Section 1915(g) continues to file suits without paying the necessary filing fee, a filing bar is an appropriate solution. *See Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). *See also Ammons*, 547 F.3d at 726 ("[W]hen a prisoner who is subject to § 1915(g) continues filing suits or appeals without paying required fees, this court will enter an order directing the clerks of all courts within this circuit to return all of the litigant's future filings until the necessary fees have been paid.") Accordingly, Plaintiff Ellison shall be ordered to show cause why the Court should not bar him from filing any further papers in this Court until such time as he pays in full the $400.00 district court filing fee due in this particular case, as well as the $350.00 filing fee due in *Ellison v. Quinn*, No. 13-cv-168-MJR (S.D. Ill. March 19, 2013).

## DISPOSITION

**IT IS HEREBY ORDERED** that, for the reasons state, Plaintiff Ellison's Motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that, this action is **DISMISSED** with prejudice as a sanction for Plaintiff's failure to disclose his litigation history.

**IT IS FURTHER ORDERED** that the agency having custody of the Plaintiff is directed to remit the $400.00 district court filing fee from Plaintiff's prison trust fund account if such funds are available.   If he does not have $400.00 in his account, the agency must send an initial payment

of 20% of the current balance or the average balance during the past six months, whichever amount is higher.   Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $400.00 is paid in full.   The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 district court filing fee is paid.   Payments shall reference Case No. 13-cv-453-GPM and shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.   Payments made toward the filing fee owed in *Ellison v. Quinn*, No. 13-cv-168-MJR should reference that case.   The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at Stateville Correctional Center.

**IT IS FURTHER ORDERED** that within 60 days of the date of this Order (on or before August 9, 2013), Plaintiff Ellison shall **SHOW CAUSE** in writing why the Court should not bar him from filing any further papers in this Court until such time as he pays in full the $400.00 district court filing fee due in this particular case, as well as the $350.00 filing fee due in *Ellison v. Quinn*, No. 13-cv-168-MJR.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address.   This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.   Failure to comply with this order will cause a delay in the transmission of court documents.   *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   June 10, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge