IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENNIE K. ELLISON, ) | |
| No. R00575, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 13-cv-00453-JPG |
| ) | |
| MARC HODGE, ) | |
| VAUGHN, ) | |
| MUSGRAVE, ) | |
| PROPERTY DEPARTMENT, and ) | |
| MAILROOM, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Bennie K. Ellison is in the custody of the Illinois Department of Corrections ("IDOC"), currently incarcerated at Stateville Correctional Center. Plaintiff brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The action was dismissed by Order dated June 10, 2013, as a sanction for Plaintiff's failure to disclose his long litigation history, which included a multitude of "strikes" under 28 U.S.C. § 1915(g) for filing frivolous lawsuits (Doc. 7).

Plaintiff was directed to show cause in writing why the Court should not bar him from filing any further papers in this Court until such time as he pays in full the $400.00 district court filing fee due in this particular case, as well as the $350.00 filing fee due in *Ellison v. Quinn*, No. 13-cv-168-MJR (Doc. 7). Ellison did not timely respond, but somewhat belatedly filed a "Notice of Filing" "motion as to What? Doesn't Constitute a Ban in the Court" [sic] (Doc. 8).

Ellison's notice/motion merely asserts that the Court has knowledge of Ellison being kidnapped by state officials (meaning he was arrested, convicted, sentenced and imprisoned),

1

and has failed to correct the situation.  He does not seek any specific relief, and the Court's prior order directing him to show cause explained that a filing ban was proposed (additional details are supplied below).

Ellison has failed to address his failure to notify the Court of his litigation history and failure to pay filing fees owed to the Court.  Ellison has only reasserted the gist of his civil rights action.  The Court remains convinced that the dismissal of the action was warranted.  Because Plaintiff has not paid the outstanding fees he owes the Court, and has failed to show adequate cause why the Court should not restrict him from filing future documents until his fees are paid in full, this Court finds it necessary to so restrict Plaintiff.  Clearly monetary sanctions are not enough to deter Plaintiff from filing future claims with this Court, and he has shown little to no effort to pay that debt.  Thus, to simply add to that debt in an effort to cease Plaintiff's abuse of the Court is useless.

**IT IS HEREBY ORDERED** that Plaintiff's Notice/Motion (Doc. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff **BENNIE K. ELLISON** is restricted from filing any new civil actions in this Court until such time as his outstanding filing fees in this district have been paid in full.  This filing restriction does not extend to a notice of appeal from this order, to the filing of any petition for a writ of habeas corpus, nor to pleadings filed as a defendant in another criminal or civil case.  Plaintiff may seek modification or recission of this order, by filing a motion in this Court *no earlier* than two years from the date of entry of this order.  Any papers submitted to the Court by Plaintiff while this filing restriction is in place shall be accompanied by a copy of this order.

Should Plaintiff attempt to file any new action in this Court, the Clerk of Court is **DIRECTED** to return any documents submitted in violation of this order to the Plaintiff unfiled.

If Plaintiff wishes to appeal this order, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because Plaintiff has "struck out," this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is not found to be meritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

**IT IS SO ORDERED.**

**DATED: February 18, 2014**

*s/ J. Phil Gilbert*
**United States District Judge**